UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERIEL D. WADSWORTH,

    Plaintiff,

                                                  Civil Action No. 24-13419

v.

                                                  HON. DENISE PAGE HOOD

UNITED STATES,

    Defendant.

_____/

### ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, MOOTING MOTION FOR EXPEDITED REVIEW, ORDER OF SUMMARY DISMISSAL, AND FINDING ANY APPEAL FRIVOLOUS

Before the Court is Plaintiff Jeriel D. Wadsworth's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status even though Wadsworth indicated "NA" in the responses to questions regarding wages, amount of assets and monthly expenses. (ECF No. 2) The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, Plaintiff's Complaint is summarily dismissed.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is

frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ...  Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section.  The screening must occur even before process is served or the individual has had an opportunity to amend the complaint.  The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff filed a "Complaint Writ of Cause."  (ECF No. 1)  The Complaint alleges that , PageID.1)  The Complaint states,

2

> Recent information has made me aware that at one point in time The United States government, decided to use the people as collateral to fund itself, so it made a contract with the people. Although I'm paraphrasing the contract pretty much sated, if you fund US, as collateral we will cover all of your family and personal expenses. If at any point you cannot redeem this contract to be paid and/or cover all expenses, as we the American government will set up a system for you to do so. We'll have rules and regulations set up that will punish, prosecute and/or imprison any person doing harm to any individual that is a part of this agreement.

*Id*. Plaintiff seeks restoration of his rights and property as well as punitive damages in the amount of $200,000,000.00. *Id*. at PageID.7.

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940). Sovereign immunity is jurisdictional in nature. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see, United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). *See also*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (internal quotation omitted).

The Federal Tort Claims Act (FTCA) waives sovereign immunity for tort actions involving the conduct of the United States, its agencies, and its employees acting within the scope of their employment. 28 U.S.C. § 2679. However, before

an action can be filed in Federal court, a claimant must first present any claim to the appropriate Federal agency, must be denied by the agency in writing and sent by certified or registered mail to the claimant. 28 U.S.C.A. § 2675(a).

Nowhere in the pleading does Plaintiff assert that any of the claims alleged falls under the FTCA, nor that any of his claims were first presented to the appropriate Federal agency under the FTCA. Plaintiff does not specifically allege facts supporting any action taken by the United States that could fall under the Torts Claims Act, other than alleging a general contract claim that the United States funded itself by using the people of America as collateral. ECF No. 1, PageID.4. Plaintiff's Complaint must be dismissed since he failed to allege that the United States waived its sovereign immunity.

Accordingly, for the reasons set forth above,

IT IS ORDERED that Plaintiff's Application to Proceed Without Prepaying Fees or Costs **(ECF No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Expedited Review **(ECF No. 9)** is MOOT.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that the Court finds this action is frivolous under 28 U.S.C. § 1915(e)(2)(B). Any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: February 5, 2025